IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY SCOTT RICHERSON, | : | CIVIL ACTION NO. **1:CV-12-1157** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| FRANK STRATA, WARDEN, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On June 18, 2012, Petitioner Timothy Scott Richerson, an inmate at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), in White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner attached an exhibit to his habeas petition, Ex. 1. Named as sole Respondent is Frank Strada, Warden ("Respondent").[1]

On June 18, 2012, Petitioner also filed an *in forma pauperis* motion. (Doc. 2). We found that additional information was needed in order for the Court to rule on Petitioner's *in forma pauperis* motion, namely, a copy of Petitioner's Inmate Account, and we directed Respondent to provide it. (Doc. 4). In response to our Order, Petitioner's inmate account, dated June 29, 2012, was submitted. (Doc. 5). We granted Petitioner's *in forma pauperis* Motion on July 6, 2012. (Doc. 6).

---

[1]Since Petitioner's action is a § 2241 Habeas Petition, Frank Strada, Warden, FCI-Allenwood is the correct Respondent. *See* 28 U.S.C. § 2242 and § 2243.

On July 6, 2012, we issued a Show Cause Order directing the Clerk of Court to serve the habeas petition on Respondent and directing Respondent to respond to it. (Doc. 6). On July 23, 2012, Respondent filed his Response to the habeas petition with exhibits. (Doc. 9). On August 2, 2011, Petitioner filed his Traverse. (Doc. 9). Thus, Petitioner's habeas petition is ripe for disposition.

**II. Petitioner's Habeas Claims.**

Petitioner claims that the staff at FCI-Allenwood should be ordered by the court to "expunge the make-believe incident report from Petitioner Richerson's files and restore him the 27 days lost of good time forfeiture." (Doc. 1, p. 2). Petitioner further states:

> (9) On November 2, 2011, while incarcerated at L.S.C.I.-Allenwood, Petitioner received an Incident Report charging him with offense code 296, "Use of the Mail for Abuse other than Criminal Activity which circumvent Mail Monitoring Procedures."
>
> (10) On November 17, 2011, Petitioner appeared before D.H.O. and was found Guilty for Code 299, "Disrupting the Orderly Operation of Prison Runnings." And was sanctioned to 27 days loss of Good Conduct Time.

(*Id.*, p. 4).

Petitioner contends that he exhausted his administrative remedies to the highest level and his grievance was denied. (*Id.*). On November 17, 2011, Petitioner appeared before the Disciplinary Hearing Officer ("DHO") and was sanctioned to 27 days loss of good conduct time. (*Id.*). Petitioner indicates, on November 29, 2011, he received a D.H.O. report signed by Counselor C. Snyder. (*Id.*). On December 14, 2011, he filed an appeal to the regional level. (*Id.*). On January 3, 2012, he received a rejection letter stating that the appeal was untimely. (*Id.*). Additionally, Petitioner states that the appeal was timely filed. (*Id.*). Thus, Petitioner maintains that

he filed four (4) separate appeals to the regional level and three (3) out of four (4) times they stated that he was untimely. (*Id.*, p. 5). The Fourth time they "made up a story stating that he did not submit proper number of continuation pages." (*Id.*). Furthermore, Petitioner states "the above response that Petitioner didn't submit proper number of continuation pages was just another pretext, to rail-road Petitioner's grievance, because Petitioner did submit the [4 additional continuation pages], as requested." (*Id.*).

As relief, Petitioner requests that the Court order Respondent to expunge the incident report from Petitioner's file and restore Petitioner's twenty seven (27) day loss of good conduct time. (*Id.*, p. 9).

**III. Discussion.**

As a preliminary matter, we agree with Petitioner that his action is a challenge to the execution of his sentences and, as such it is a petition for habeas corpus, pursuant to 28 U.S.C. § 2241. *See Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir. 2005).

We also agree with Respondent that Petitioner is required to exhaust his BOP administrative remedies through the prison grievance process before he can raise his instant claims in this §2241 habeas petition. *See* 28 C.F.R. § 542.10-.23. Petitioner contends that he exhausted his administrative remedies. (Doc. 1). However, Petitioner also contends that the remedies that he sought were unavailable because the Regional Director's Office and Central Office in Washington kept rejecting Petitioner's grievances for no valid reason other than giving Petitioner the "runaround" to "derail" Petitioner from redressing his grievances. (Doc. 10, p. 2). He then argues that he failed to exhaust his administrative remedies because exhaustion in this case would be futile

3

or inadequate. Petitioner states that exhaustion is futile because the administrative procedures are unavailable or incompetent. (*Id.*).

We do not agree with Petitioner and find that exhaustion of his BOP administrative remedies with respect to his above detailed claims challenging the BOP taking away his good conduct time for misconduct is not futile. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996). (Petitioner was required to exhaust because it allows the appropriate agency to develop a factual record and apply its expertise facilitating judicial review). The documentation submitted by Petitioner shows that he filed administrative remedy number 670290-R1 with the BOP Regional Office on December 19, 2011 to appeal the sanction imposed for the Incident Report number 222868 which repealed his available good conduct time for misconduct. (Doc. 1, Ex. 1). On December 28, 2011, Petitioner's administrative remedy was rejected as untimely. (*Id.*). Petitioner was advised to resubmit his appeal within ten (10) days and provide staff verification for being untimely. (*Id.*). On January 18, 2012, Petitioner next filed administrative remedy number 670290-A1 to the BOP Central Office. (*Id.*). On February 14, 2012, the appeal was rejected on the basis that the BOP Central Office concurred with the prior untimeliness assessment. (*Id.*). Petitioner was advised to follow the instructions provided and correct the discrepancy with the office that first identified it. (*Id.*).

Petitioner next resubmitted his appeal numbers 670290-R2, 670290-R3 and 670290-R4 to the BOP Regional Office arguing that the date of receipt used to calculate his appeal due date was incorrect and his original administrative remedy number 670290-R1 should be considered timely filed. (*Id.*). All of these appeals were rejected and he was advised that his appeal of

administrative remedy number 670290-R1 was untimely and he failed to provide written staff verification for the untimeliness. (*Id.*). On May 10, 2012, Petitioner next filed administrative remedy number 670290-R5 with the BOP Central Office. (*Id.*). The appeal was rejected because Petitioner did not submit the proper continuation pages. (*Id.*). Petitioner was further advised that he could resubmit his appeal within ten (10) days, but he must include a BP-10, DHO Report, one original continuation page and three copies. (*Id.*). Petitioner did not file any additional administrative remedies. (Doc. 9, Ex. B).

Thus, we concur with Respondent that Petitioner was required to exhaust his BOP administrative remedies before he filed his habeas petition and he has not completed the exhaustion requirements. *See Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981). Because we construe Petitioner's instant claims as challenging the BOP 's computation of his good conduct time toward his sentence, we find that Petitioner is required to exhaust his administrative remedies before filing his writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*). Here, Petitioner does not dispute the fact that he has not exhausted his administrative remedies. (Doc. 10). Rather, he argues twofold that he exhausted his administrative remedies and that it would be futile to exhaust his administrative remedies because he claims he is being given the "runaround" to "derail" him from redressing his grievances. (*Id.*, p. 2). Since we find that Petitioner's claims do in fact amount to a challenge of the BOP's computation of his good conduct time toward his sentence, we find that Petitioner is required to exhaust his administrative remedies which he has admittedly failed to do. *See Moscato*

*v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Section 2241 does not contain a statutory exhaustion requirement, however, the United States Court of Appeals for the Third Circuit has required inmates to exhaust their administrative remedies prior to petitioning for a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). The Court requires exhaustion for the following reasons: "(1) allowing appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted).

The BOP set forth the procedures used by federal inmates to exhaust their administrative remedies in 28 C.F.R. §§ 542.10-542.19. An inmate first must present his complaint to staff, and staff must attempt to resolve informally any issue before an inmate files a request for administrative relief. *See* § 542.13(a). If informal resolution is unsuccessful, the inmate may raise the complaint with the warden of the institution where he or she is confined. *Id*. An inmate has twenty calendar days from the date of the alleged injury to complete this informal resolution process, he or she may then appeal the decision to the Regional Office and the General Counsel of the BOP. *See* § 542.14(a). If an inmate is dissatisfied with the response received during the informal resolution process, he or she may appeal the decision to the Regional Office and General Counsel of the BOP. *See* §542.15. The appeal to the BOP General Counsel is the final administrative appeal. *Id*.

Respondent has submitted evidence to show that Petitioner has failed to exhaust his administrative remedies with the BOP. (Doc. 1). In our case, as discussed, Petitioner

6

acknowledges that he has failed to exhaust his administrative remedies with the BOP. (Doc. 10). Also, Respondent has demonstrated that Petitioner failed to exhaust his BOP administrative remedies. Petitioner 's last filing with the BOP was administrative remedy number 670290-R5 which he filed with the BOP Central Office. (Doc. 1, Ex. 1). The appeal was rejected because Petitioner did not submit the proper continuation pages and Petitioner was advised that he could resubmit his appeal within ten (10) days, but he must include a BP-10, DHO Report, one original continuation page and three copies. (*Id.*). Petitioner did not file any additional administrative remedies. (Doc. 9, Ex. B). Petitioner stopped the appeal process before completion and did not reach the appeal to the BOP General Counsel which would have been his final administrative appeal. 28 C.F.R. §§ 542.15. Accordingly, we will recommend that Petitioner's habeas petition be dismissed for failure to exhaust his administrative remedies.

2. *Merits of Habeas Petition*[2]

As Respondent recognizes (Doc. 9, p. 15), the Supreme Court, in *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974), identified the minimum procedural due process rights to be afforded a prisoner accused of misconduct which may result in loss of good conduct time, which rights are applicable in the instant case. The prisoner has (1) the right to appear before an impartial decision making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent

---

[2] Even though the Court finds Petitioner's habeas claims are not exhausted, it finds no merit to Petitioner's claims. *See* 28 U.S.C. §2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State.").

with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. *Wolff*, 418 U.S. at 563-67.

In the present case, it is clear, based on the evidence (Doc. 1, Ex. 1), that Petitioner was afforded all the rights set forth in *Wolff* and in the BOP's regulations. Respondent argues that Richerson received all requisite due process throughout the disciplinary proceeding against him and the evidentiary standard was met for a finding of guilt. Furthermore, Respondent notes:

> Richerson claims that he is "factually and actually innocent of the Code 299 infraction" and asks the Court to "view the facts, weigh the evidence, and Order Respondent...to restore Richerson his 27 days lost [sic] of good time credit." It is well settled that the decision of the DHO is entitled to considerable deference by a reviewing court and the decision must be upheld if there is "some evidence" to support the decision. *Superintendent v. Hill*, 472 U.S. 445, 457 (1985); *Elkin v. Fauver*, 969 F.2d 48, 51 (3d Cir. 1992). [internal citation omitted].

(Doc. 9, pp. 14-15).

The record in our case indicates, on November 2, 2011, Incident Report No. 2228685 was written against Petitioner, charging him with use of mail for abuses other than criminal activity which circumvent mail monitoring procedures. (Doc. 1, Ex. 1). The charges accused Petitioner of providing a Yahoo email address in outgoing correspondence to a person in the community. (*Id.*, p. 2). The Yahoo email is managed by a third party preventing the BOP staff from reviewing Petitioner's communications as per BOP policy. (*Id.*). On November 2, 2011, Petitioner was notified of the charges by personal service by the investigating officer, Lieutenant T. Ransdorf. (*Id.*, p. 1). Petitioner verbally acknowledged that he understood his rights and did not admit to the

8

charges or ask for any witnesses. (*Id.*). Thus, Petitioner was advised of all of his disciplinary hearing rights.

On November 3, 2011, the Unit Disciplinary Committee ("UDC") conducted a hearing. (*Id.*). The UDC referred the charge to the Disciplinary Hearing Officer ("DHO") noting that sanctions were not available at the UDC level. (*Id.*). The UDC recommended to the DHO that Petitioner be sanctioned with the loss of available good conduct time and two months loss of commissary privileges. (*Id.*).

On November 17, 2011, the DHO conducted a hearing. (*Id.*). Petitioner requested that BOP staff member R. Stover represent him at the hearing. (*Id.*). R. Stover stated that he had been asked to testify as a character witness. (*Id.*). Petitioner stated that he had "no idea who that e-mail address belongs to. I just gave it to her so she wouldn't stop writing me." (*Id.*). The DHO noted that there were no procedural issues raised and Petitioner provided no documentary evidence for consideration. (*Id.*). The DHO concluded that the greater weight of the evidence supported the violation of "Conduct Disruptive to the Orderly Running of the Facility, most like Use of the mail for abuses other than criminal activity which circumvent mail monitoring procedures." (*Id.*, p. 3). The DHO noted that Petitioner provided an e-mail contact which was not his BOP e-mail ID to a member of the community thereby potentially circumventing the monitoring procedures. (*Id.*). On November 28, 2011, the DHO issued a written decision which was delivered to Petitioner on November 29, 2011. (*Id.*). Petitioner was notified of his right to appeal within twenty (20) calendar days under the Administrative Remedy Procedure. (*Id.*). As stated, Petitioner did not

utilize his appeal rights and he did not exhaust his BOP administrative remedies regarding his disciplinary conviction. (*Id*.).

The United States Supreme Court held the standard of evidence required to comport with due process in prison disciplinary hearings is whether there is "some evidence" in the record to sustain a finding that the inmate committed the alleged offense. *Superintendent v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Based on these guidelines set forth by the Supreme Court set forth in the holding of *Wolff,* it is clear there was no violation of Petitioner's due process rights with respect to the disciplinary proceedings and DHO hearing. Therefore, we find no merit to Petitioner's claim.

## IV. Recommendation.

Based on the foregoing, we respectfully recommend that Petitioner Richerson's Habeas Petition **(Doc. 1)** be dismissed with prejudice since Petitioner has failed to exhaust his available BOP remedies. Alternatively, we recommend that Petitioner's habeas petition be denied on its merits.

> **s/ Thomas M. Blewitt**
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: September 28, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY SCOTT RICHERSON, : CIVIL ACTION NO. **1:CV-12-1157**
:
    Petitioner : (Judge Conner)
:
    v. : (Magistrate Judge Blewitt)
:
FRANK STRATA, WARDEN, :
:
    Respondent :

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **September 28, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
    recommendations or report addressing a motion or matter described in
    28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
    disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after
    being served with a copy thereof. Such party shall file
    with the clerk of court, and serve on the magistrate judge and all
    parties, written objections which shall specifically identify the
    portions of the proposed findings, recommendations or report to which
    objection is made and the basis for such objections. The briefing
    requirements set forth in Local Rule 72.2 shall apply. A judge shall
    make a *de novo* determination of those portions of the report or
    specified proposed findings or recommendations to which objection
    is made and may accept, reject, or modify, in whole or in part, the findings
    or recommendations made by the magistrate judge. The judge, however,
    need conduct a new hearing only in his or her discretion or where
    required by law, and may consider the record developed before the
    magistrate judge, making his or her own determination on the basis
    of that record. The judge may also receive further evidence, recall
    witnesses or recommit the matter to the magistrate judge with

instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                      **s/ Thomas M. Blewitt**
                                      **THOMAS M. BLEWITT**
                                      **United States Magistrate Judge**

**Dated: September 28, 2012**